UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| United Rentals, Inc., *et al.*,<br>    *Plaintiffs*,<br><br>    *v.*<br><br>Albert Tommy Faulk,<br>    *Defendant*. | Civil No. 3:10cv1398 (JBA)<br><br><br><br>June 21, 2011 |

RULING ON MOTION TO DISMISS

Plaintiffs United Rentals, Inc. and United Rentals (North America) Inc. (collectively "United Rentals"), Delaware corporations with their principal places of business in Greenwich, Connecticut, sued Defendant Albert Faulk, a Florida resident, after firing him, for breach of contract, violation of the Connecticut Uniform Trade Secrets Act ("CUTSA"), and tortious interference with economic advantage and existing business relationships, arising from his employment with an alleged competitor. Defendant moves to dismiss for lack of personal jurisdiction and improper venue pursuant to Fed. R. Civ. P. 12(b)(2) & (3) and 28 U.S.C. § 1406, and in the alternative, he moves to transfer the suit to the Middle District of Florida's Jacksonville Division pursuant to 28 U.S.C. § 1404(a).

I.  Background

On or about June 15, 2004, United Rentals hired Faulk as an Outside Sales Representative in its Jacksonville, Florida office, the only location at which Faulk worked during his five years with United Rentals. (Faulk Aff., Ex. A to Mot. Dismiss [Doc. # 16] ¶ 3.) Faulk reported to John Shiver and David Stern, both of whom worked out of United Rentals's Jacksonville, Florida office, and both of whom reported to Bruce Magee in Baton Rouge, Louisiana. (*Id.* ¶ 4.) Almost four years later, on April 24, 2008, Faulk was required

to sign a non–compete agreement (the "Non–Compete Agreement"), on which he wrote that he did not have an opportunity to review the Non–Compete Agreement with an attorney. (*Id.* ¶ 5.) He had never previously signed a non–compete agreement, although he was told by United Rentals that it was standard for his type of position.

As an Outside Sales Representative, Faulk rented and sold trench shoring equipment, generating a majority of the revenue he brought in within a 50–mile radius of United Rentals's Jacksonville office. (*Id.* ¶ 6.) Faulk never solicited customers in Connecticut, nor did he call customers in Connecticut. (*Id.* ¶ 9.)

United Rentals terminated Faulk's employment in March 2010, presenting him with a Severance Agreement and General Release (the "Severance Agreement"), which he signed. Section 8 of the Severance Agreement, titled "Choice of Law; Forum; Attorney's Fees" provides that "[t]he interpretation and enforcement of the provisions of this Agreement shall be resolved and determined exclusively by the state or federal courts sitting in Connecticut, and such courts are hereby granted exclusive jurisdiction for such purpose." (Ex. B to Mem. Opp'n [Doc. # 21] § 8.)

On June 7, 2010, Faulk began working for Efficiency Production, Incorporated d/b/a Professional Shoring and Supply ("PSS") in its Jacksonville, Florida office, as an Outside Sales Representative specializing in shoring and shielding. (Faulk Aff. ¶¶ 13–15.) United Rentals claims that during the course of his employment with PSS, Faulk has breached the Non–Compete Agreement and has supplied United Rentals's trade secrets to PSS, which Faulk denies.

II. Discussion

    A. Dismissal

Faulk first argues that this suit should be dismissed for lack of personal jurisdiction and lack of venue. When a defendant moves to dismiss a complaint under Rule 12(b)(2) for lack of personal jurisdiction, the "plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003). United Rentals maintains that Faulk consented both to personal jurisdiction and venue in Connecticut by signing the Severance Agreement. It is well established that parties may consent to a court's personal jurisdiction and venue. *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 11 (1972) ("It is settled . . . that parties to a contract may agree in advance to submit to the jurisdiction of a given court.") (*quoting Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311 (1964)); *United Rentals States Trust Co. v. Bohart*, 197 Conn. 34, 39 (1985) ("Unlike subject matter jurisdiction . . . personal jurisdiction may be created through consent or waiver."). Faulk does not dispute that a valid, enforceable forum–selection clause could give rise to personal jurisdiction and venue in Connecticut; rather, he maintains that the forum–selection clause in the Severance Agreement is both unreasonable and overreaching, and therefore, he never gave valid consent to personal jurisdiction in Connecticut.

Faulk argues that the forum–selection clause is unreasonable because he was never given an opportunity to negotiate its terms, it is "irrational" for him litigate this dispute in Connecticut when he lives in Florida, and the dispute overwhelmingly revolves around Jacksonville, Florida. "The party claiming unreasonableness of a forum selection clause bears a heavy burden; in order to escape the contractual clause, he must show 'that the trial

in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court.'" *New Moon Shipping Co. v. MAN B & W Diesel AG*, 121 F.3d 24, 32 (2d Cir. 1997) (quoting *M/S Bremen*, 407 U.S. at 18). Thus, in *United Rentals Rentals, Inc. v. Pruett*, this Court held that where the California–based plaintiff's only arguments supporting his claim that a forum–selection clause was unreasonable were that he did not negotiate its terms, he would have to travel a great distance between California and Connecticut to have his day in court, and the relevant events occurred in California, the plaintiff failed to meet the high burden under *New Moon Shipping Co.*, even though "the expense of the litigation would unquestionably be much higher in Connecticut." 296 F. Supp.2d 220, 227 (D. Conn. 2003). Likewise here, aside from the distance between Florida and Connecticut (which is significantly shorter than the distance Mr. Pruett would have had to travel), and the fact that he "has never, in his adult life, been to Connecticut," Faulk has failed to show grave difficulty and inconvenience, and the forum–selection clause is therefore not unreasonable.

Faulk also argues that the forum–selection clause is overreaching because based on his assertion that United Rentals abused the disparity in bargaining power between the parties. The Supreme Court has held that unequal bargaining power of parties cannot, in itself, support a finding of overreaching, *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 593 (1991),[1] however, "overreaching may be found if the disparity in bargaining power was used to take unfair advantage of the employee," *see Pruett*, 296 F. Supp.2d at 227. For instance,

---

[1] *Yoder v. Heinold Commodities Incorporated*, 630 F. Supp. 756 (E.D. Va. 1986), on which Faulk relies, and in which the court refused to enforce a forum selection clause because of the disparity in bargaining positions between the employer and employee, pre–dated *Carnival Cruise Lines.*

4

in *Jelcich v. Warner Bros., Inc*, overreaching was found where the plaintiff had already worked for Warner Brothers for eight years, was told that if she did not sign the contract "as is," she would receive no salary increase for four years, and was berated by the head of her division for requesting better terms. No. 95 CIV. 10016(LLS), 1996 WL 209973 (S.D.N.Y. Apr. 30, 1996).

Faulk maintains that "[r]ealistically, [he] had no other choice but to sign the agreement" given the "pressure a freshly unemployed construction equipment salesman has to preserve a source of income during a time when the unemployment rates across the nation were skyrocketing." (Reply [Doc. # 28] at 3.) Unlike the plaintiff in *Jelcich*, Faulk has not demonstrated his former employer's unfair advantage, even though he faced unemployment during a recession. The plaintiff in *Jelcich* was berated by a supervisor and was threatened with salary freeze regardless of the quality of her work (and even though she had already been promoted several times during her sixteen–year employment with Warner Brothers). In contrast, Faulk was offered money in exchange for signing the Severance Agreement, was given 45 days for review before signing, seven days thereafter to rescind it, and Faulk took over a month before signing it. Faulk has failed to demonstrate overreaching, and insofar as Faulk seeks dismissal for lack of personal jurisdiction and improper venue, his motion is denied.

B. Transfer of Venue

Faulk alternatively moves for transfer to the Middle District of Florida under 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

5

As the moving party, Faulk bears the burden of establishing the basis for a transfer of venue. *See Pruett*, 296 F. Supp. 2d at 228 (citing *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir. 1978)). While a forum selection clause is "a significant factor" in deciding whether to transfer venue, Section 1404(a) also requires consideration of "the convenience of the witnesses and those public–interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of 'the interest of justice.'" *Stewart Organization, Inc. v. Ricoh Corporation*, 487 U.S. 22, 30 (1988); *see also Red Bull Assocs. v. Best Western Int'l, Inc.*, 862 F.2d 963, 967 (2d Cir. 1988) ("Section 1404(a) reposes considerable discretion in the district court to adjudicate motions for transfer according to an 'individualized, case–by–case consideration of convenience and fairness.'") (*quoting Stewart*, 487 U.S. at 29).[2]

---

[2] United Rentals argues that it could not have sued in the Middle District of Florida, based on *Rodriguez v. United Rentals Rentals, Inc.*, No. 08-21915-CIV-Jordan (S.D. Fla. Jan. 28, 2009), in which the Southern District of Florida transferred a suit against United Rentals to Connecticut pursuant to 28 U.S.C. § 1406(a) because the parties had a valid choice–of–forum clause that the court determined rendered venue improper outside of Connecticut. The *Rodriguez* court relied on the mandatory language in the forum–selection clause at issue and 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3803.1 (3d ed. 2006), which states that "[a] larger number of the courts of appeal, including the Seventh, Ninth, Tenth, and Eleventh Circuits, nevertheless have held that a valid forum selection clause can render venue in the original forum improper." Thus, United Rentals maintains that because there is a valid, enforceable forum–selection clause between the parties in this matter, venue in Florida would be improper, requiring transfer or dismissal. Because Faulk has failed to establish that convenience and interests of justice require transfer under Section 1404(a), the Court need not determine whether or not this action could have been brought in the Middle District of Florida.

*1.     Convenience to witnesses*

Faulk first argues that if this litigation proceeds in Connecticut, the witnesses will be inconvenienced, as "[a]ll of the witnesses, including the non–party witnesses, likely to be called in this proceeding reside in Florida." He claims that these witnesses include employees at PSS, who would testify as to the hiring and employment of Faulk, including Faulk's job responsibilities and sales territory, the construction–rental business generally in Florida, the lack of trade secrets involved in the business, the methods PSS uses to obtain customers, and customers who have used PSS's services in the past. (Mem. Supp. at 17.) When claiming that convenience requires transfer, a "movant must support the motion with an affidavit containing 'detailed factual statements' explaining why the transferee forum is more convenient, including 'the potential principal witnesses expected to be called and a general statement of the substance of their testimony.'" *New York Islanders Hockey Club, LLP v. Comerica Bank–Texas*, 71 F. Supp. 2d 108, 116 (E.D.N.Y. 1999) (citing *Factors*, 579 F.2d at 218). Unlike *Pruett*, in which the defendant provided an affidavit identifying the specific witnesses who were based in California and would testify, Faulk has provided no such affidavit detailing potential witnesses or testimony.

Nonetheless, Faulk argues that his "crucial non–party witnesses all would be required to travel to Connecticut [from Florida] to testify in this proceeding." (Mem. Supp. at 17.) Faulk does not describe any particular hardship to them from litigating in this district. "A forum is not necessarily inconvenient because of its distance from pertinent parties or places if it is readily accessible in a few hours of air travel." *See Calavo Growers of California v. Generali Belgium*, 632 F.2d 963, 969 (2d Cir. 1980) (Newman, J. concurring). Unlike Faulk, United Rentals has listed specific individuals who would testify in this litigation, who are

each located in Connecticut, including United Rentals's director of human resources, a forensic expert who has examined Faulk's computer, an information-technology architect for United Rentals, and a forensic handwriting analyst.

In the absence of any averred demonstration that Faulk's Florida-based witnesses would suffer beyond the need to travel for several hours to reach Connecticut, and given United Rentals's representation that it would call many Connecticut-based witnesses, Faulk has failed to meet his burden of showing that witnesses would be so inconvenienced if this litigation remained in Connecticut as to require transfer.

### 2. *Subpoena power*

Faulk claims that because likely non-party witnesses would be outside the subpoena power of the Court but within the subpoena power of the Middle District of Florida, transfer is required. However, where potential witnesses are outside the court's subpoena power, "the parties can always take their depositions, including preserving their trial testimony through a videotaped deposition. It is not at all unusual in today's federal courts to have non-party witnesses appear at trial via videotaped depositions." *Kodak Polychrome Graphics v. Southwest Precision Printers*, No. 3:05cv330(MRK), 2005 WL 2491571, *3 (D. Conn. Oct. 7, 2005). Additionally, advances in courtroom technology may allow for live video testimony during trial. Faulk's representations do not demonstrate a sufficient hardship if such videotaped depositions or video testimony become necessary for trial to require transfer.

### 3. *Location of documents*

Faulk represents that the relevant documentary evidence is located in Florida, including "employment and human resource records, sales records, advertising information,

8

and customer contact information from both United Rentals Rentals and PSS." (Mem. Supp. at 18.)  However, "[t]he location of documents . . . is not a compelling consideration when records are easily portable," *Medisim Ltd. v. BestMed LLC*, No. 10 Civ. 2463(SAS), 2010 WL 2697073, *2 (S.D.N.Y. July 7, 2010) (internal quotations omitted), because "[i]n today's era of photocopying, fax machines and Federal Express, the location of documents factor is neutral" *Coker v. Bank of America*, 984 F. Supp. 747, 766 (S.D.N.Y. 1997).  Faulk makes no showing that relevant documents cannot be readily moved to Connecticut by such means.

### *4. Interests of Justice*

Faulk argues that the interests of justice call for transfer, given that although Connecticut law may govern the contract claim, Florida law will govern the tort claim, and a Florida court would be more familiar with the application of Florida law.  "There is an appropriateness . . . in having the trial of a diversity case in a forum that is at home with the state law that must govern the case."  *Van Dusen v. Barrack*, 376 U.S. 612, 645 (1964) (citation and internal quotation marks omitted).

Faulk relies on *Pruett*, which this Court transferred to California in part because its resolution required application of California's law governing restrictive covenants in employment agreements, and both parties agreed that California law conflicts with Connecticut law in that area, in that California law "generally prohibit[ing] covenants not to compete," while Connecticut public policy strongly favors employee mobility.  *See Pruett*, 296 F. Supp.2d at 231.  Even if Florida law governs the tort claims, Faulk does not claim any divergence between applicable Florida and Connecticut tort law, such that a Florida court might be better equipped to adjudicate this dispute or that Florida's public policy would be implicated. Thus, even though the impact of this litigation may be felt primarily in Florida,

9

where Faulk is employed, Faulk has failed to demonstrate that interests of justice require transferring this litigation there.

III.     Conclusion

Accordingly, Defendant's [Doc. # 16] Motion to Dismiss, or, in the alternative, to Transfer is DENIED. Pursuant to the Court's [Doc. # 18] Scheduling Order, Defendant shall file his opposition to Plaintiff's Motion for Summary Judgment by July 12, and Plaintiff shall file any reply by August 4.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 21st day of June, 2011.